## THE RANZA.

(District Court, E. D. Pennsylvania. October 17, 1908.)

No. 32.

Shipping (§ 86*)—Injury of Stevedore—Liability of Vessel.
Evidence *held* not to sustain the allegation of a libel that the injury of libelant while employed by a stevedore in discharging a vessel was due to defects in the winch, supplied by the vessel, which would render her liable therefor.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 86.*]

In Admiralty.

Jos. H. Brinton, for libelant.
Henry R. Edmunds and Convers & Kirlin, for respondent.

J. B. McPHERSON, District Judge. On September 8, 1905, the libelant, Robert E. Tabbenor, was assisting as a laborer under W. G. Grace, a master stevedore, in discharging a cargo of iron ore from the steamship Ranza. He was working in No. 1 hold, and his duty was to fill buckets with the ore as they were lowered into the hold. The winch, the wire fall to which the buckets were attached, and the steam, were furnished by the ship; but the operation of the winch was in charge of another laborer, who was also in the employ of Mr. Grace. The averments of the libel concerning the injury which Tabbenor declares he sustained on the day in question are as follows:

"About 4 o'clock a. m., the libelant, having assisted in filling a bucket, stood as far from beneath the same as possible while it was being raised to the combings. When said bucket was raised nearly flush with the combings the steam winch lost control, and the bucket fell violently for a distance of several feet, the jerking of which caused part of the contents of the bucket to fall and strike the libelant on his right foot, whereby he suffered severe injuries. That the cause of the injuries was solely attributable to the defective condition of the winch, which defective condition was known to the master and officers of the said vessel, who had failed to remedy or attempt to remedy the same.

"That the said steam windlass and wire fall were supplied by the respondents for the uses to which it was applied, and was known by them to be in an old, weak, defective, and unsuitable condition for the said purpose.

"That the libelant exercised due care and precaution and in no manner contributed to the said injuries, but the same were solely caused by the negli-

gence and carelessness of the respondents in supplying the defective appliances aforesaid."

The only testimony to support these averments was given by the libelant himself, and it fails entirely to establish the charge that the winch was out of order. There is a little hearsay testimony upon the subject, but no competent evidence from which the inference of negligence on the part of the ship can be drawn. It would be useless to discuss the testimony in detail.

The clerk is directed to enter a decree dismissing the libel.